[Decided January 13, 1888.]

DONALD B. CHARLESON AND ALEXANDER CHARLESON *v.* JOHN McGRAW, SHERIFF, ETC.

PARTNERSHIP—CREDITORS OF—LIEN—EXEMPTION—EXECUTION.—Each member of a partnership, by force of the relation between the partners, has a lien upon all the assets of the partnership to pay the balance due each upon settlement and to pay the firm debts. The creditors of the partnership may take advantage of this lien, and by an execution levy upon the partnership assets, become subrogated in law to the rights of the partners in said lien, which lien is paramount to any individual right of any one or all of the partners to set up a claim of exemption under the statutes of this territory relating thereto against such levy.

ERROR to the District Court holding terms at Seattle. Third District.

Plaintiffs being partners in the logging business, each having a family, and all depending wholly for support upon said business, jointly owned as such copartners certain oxen used in said business of the value of $750, and were not owners of any of the domestic animals mentioned in subdivision 4, section 347 of the Code, and therefore claimed the right to select, under said section, of the above named property not to exceed the value of $150 for each partner as being exempt from execution. The defendant being sheriff, and having an execution upon a judgment against both of said plaintiffs, rendered for debts owing by said copartnership, levied upon said oxen and advertised them for sale; whereupon plaintiffs served timely notice, in writing, upon the sheriff, as required by the Code relating to exemptions, demanding the property as exempt from execution, and complied with all requirements of the statute relating to such demand.

The sheriff refused such demand, and sold the property to satisfy said judgment; whereupon plaintiffs brought this suit against the sheriff, alleging in their complaint the wrongful conversion of the property, and demanding damages for the value thereof. The sheriff demurred to the complaint, claiming that the same did not state facts sufficient to constitute a cause of action. The court sustained the demurrer, and, plaintiffs electing to stand by their pleading, the court gave judgment to defendant for his costs, from which judgment the plaintiffs appealed to this court.

*Mr. Elwood Evans* and *Mr. C. H. Hanford,* for the Plaintiffs in Error.

Section 347 of the Code provides that "the following property shall be exempt from execution or attachment, except as is hereinafter specifically provided:

\*    \*    \*    \*    \*    \*    \*    \*    \*

"4. To each householder, two cows with their calves, five swine, two stands of bees, twenty-five domestic fowls, and provisions and fuel for the comfortable maintenance of such householder and family for six months; *provided,* that in case such householder shall not possess, or shall not desire to retain the animals named above, he may select from his property, and retain other property, not to exceed one hundred and fifty dollars coin in value.

\*    \*    \*    \*    \*    \*    \*

"13. To a person engaged in the business of logging, for his support and that of his family, three yoke of work-cattle and their yokes; and axes, chains, implements for the business, and camp equipments, not exceeding three hundred dollars coin in value."

Exemption laws are founded upon principles of benevolence and sound public policy as well. By restraining the hand of the rapacious creditor from seizing the implements and necessities of industry, two purposes are intended to be served, viz: first, to protect and encourage the needy; second, to relieve the public from the burden of maintaining those who otherwise would be without means or ability

to provide or obtain the necessaries of life.   The statute must be construed liberally, according to the spirit and with the objects of its enactment in view.   (Potter's Dwarris on Statutes, pp. 128-9, 133, 140-4; Freeman on Executions, sec. 208; Thompson on Homestead and Exemption Laws, secs. 4, 7, 8.)   The arguments and the authorities against allowing to joint owners the right to claim exemptions out of joint property are all based upon a very narrow rule of construction, taking the words in the statute denoting the singular number literally.   This is contrary to the fundamental rules of construction, and also contrary to the rule prescribed by the statute itself for its construction.   (*Douglass* v. *P. M. S. S. Co.*, 4 Cal. 306; *Beaston* v. *Farmers' Bank*, 12 Peters, 134; Code, secs. 756, 758.)   While the authorities as to the main point in this case are conflicting, there is, nevertheless, a clear preponderance in favor of the rule contended for by the plaintiffs.   (Thompson on Homestead and Exemption Laws, sec. 216; Freeman on Executions, sec. 221; *Stewart* v. *Brown*, 37 N. Y. 350; *Skinner* v. *Shannon*, 44 Mich. 86; *Waite* v. *Matthews*, 50 Mich. 392; *Servanti* v. *Lusk*, 43 Cal. 238; *Spade* v. *Bruner*, 72 Pa. St. 67.)

Throughout the entire civil practice act, and most of the statutes of this territory, the personal pronouns used are uniformly of the singular number and masculine gender, and if the rule of literal or strict construction is to be applied to the chapter relating to exemptions, consistency requires that the same rule be applied to all other parts of the act; and the result will be that the whole will be reduced to a bundle of nonsense.   Logically, it cannot be said that the property is subject to execution for the debt of a person without admitting the right of that person to claim his statutory exemptions out of that property, for it is the title or interest of the debtor in the property that subjects it to execution, and the same title or interest makes it subject to the right of exemption.   The policy of our laws favors combinations of persons and capital for enterprising purposes, and they are intended to be equal and uniform in effect, without specially favoring or discriminating against either the rich or the poor; and we feel

warranted by both reason and authority in insisting that the court cannot so misconstrue the statute as to make it have the effect to protect the property of two persons, each sufficiently well off to own in severalty a sufficient outfit for carrying on his trade or occupation, and yet deny protection to two other less fortunate persons, having the same calling, equally worthy, and whose united capital is only equal to or less than the sum of the other two. Unless this absurdity in the law exists, the judgment in this case should be reversed.

*Mr. J. M. Ashton,* for the Defendant in Error.

There is no allegation in the complaint of any dissolution of the copartnership, or of any severance, or attempted severance, of the interests of the partners in said five yoke of oxen, one from the other, and the complaint further alleges that plaintiffs, and each of them, claimed the same as exempt. How can they, and each of them, claim the same thing? And how are the oxen to be divided, when each claim a one-half interest in ten head? It is settled by a very decided weight of authority that statutes, such as this, do not contemplate the setting apart of exempt property out of partnership assets. (Thompson on Homesteads and Exemptions, sec. 194.) A single partner cannot claim an exemption out of *unsevered* partnership assets. (Thompson on Homesteads and Exemptions, secs. 196–7–8–9–200–5–6–9–10–11–16; *Pond* v. *Kimball,* 101 Mass. 105; *Bonsall* v. *Conely,* 44 Pa. St. 447; *Wright* v. *Pratt,* 31 Wis. 99; *Kingsley* v. *Kingsley,* 39 Cal. 665; *Gaylord* v. *Imhoff,* 26 Ohio St. 317; *Rhodes* v. *Williams,* 12 Nev. 20–28.) In the authorities denying the rule, the exemptions, as a rule, were only allowed after severance, either before levy or before sale, but in this case there was no severance at any time. (*Worman* v. *Giddey,* 30 Mich. 151; *Russell* v. *McLennan,* 39 Wis. 570; *Newton* v. *Haine,* 29 Wis. 531.) The law on this subject is fully stated in Thompson on Homesteads and Exemptions from sec. 194 to sec. 216. A single case in New York (*Stewart* v. *Brown,* 37 N. Y.) is the only case in point not overruled, which ad-

mits of an exemption claimed by the partners collectively. A few exceptions have been made in favor of allowing one partner, with the consent of the others, to claim one exemption out of partnership property. But the great weight of authority is against any exemption of partnership property at all.

Mr. Justice LANGFORD delivered the opinion of the court.

The transcript in this case shows that the appellants were copartners, and that a levy of execution was made upon their partnership property. It is admitted that the execution creditors were creditors of the partners. The appellants claim the property so levied upon as exempt from the execution. The legality of this claim is the only question before us. Each partner, by force of the relation between them, has a lien upon all the assets of the firm to pay the balance due him upon settlement, and to pay firm debts. As against this lien no exemption can prevail. The firm creditors may take advantage of this lien, and by levy are subrogated in law to the partners' right of lien, and hence an individual right of one or all the partners cannot be set up as against such levy. The lien on these assets takes precedence of any several or joint right of the persons composing the partnership. Though property may be exempt as against debts, simply as such, it cannot be exempt against debts to which is added this lien. If a receiver in equity would take possession of partnership property, no partner, nor all of them, have any right to it, but have only a prospective right to the distribution. The contract of partnership imports this lien, and public policy and the law maintains it. The partners, neither severally or jointly, can assert any right against the lien after levy is made, because they have no right of any kind that can prevail against it. When the property levied upon is joint, but not copartnership, the case is quite different, for here no lien exists to cut off the right of the individual partners. Each of the owners, having an interest clear of any lien, has a several dominion over his undivided part, and by the mere will of the parties the property may, without let or hinderance, be divided.

If a levy be made by a creditor of one tenant in common, only his undivided share alone can be sold, and the purchaser becomes cotenant in the place of the debtor whose interest has been levied upon and sold. The common owner, not party to the case upon which the execution issues, is not affected by such sale. The owner in common sued, might claim that his interest was exempt from sale because his interest, though undivided, is his individual property, and because joined physically with the property of another is not less his individual property.

So, if two tenants in common owe a joint but not partnership debt, and by virtue of this debt a levy is made upon their property so held in common, each might hold his interest therein as exempt. We do not decide that he can, for that is not this case; but yet, a case that holds that he can is not authority as to what the decision should be in this case. We are not prepared to say that tenants in common, as against a joint execution levied upon their common property, may not, in a proper case, join in their claim to exemption: as if two persons held and used household furniture together, or the like. However that may be, we are satisfied that neither one or all the members of a firm can deprive a firm creditor of his levy on partnership assets.

Copartners are tenants in common as to assets, and added to the right as such tenants in common, is the partnership right of lien, which is a unity of right inseverable. This partnership right of lien attaches to the entire partnership assets, and holds them for sale for firm debts, and, while existing, supersedes all rights of each and every partner, whether joint or several. The entire right, joint and several, of each and all the partners are merged in this lien, which supersedes them. If this lien be removed, then the partners lose that character and become tenants in common only. This lien exists as long as the property is partnership property, and a levy of a firm creditor thereon is a levy to enforce the lien.

Let the judgment be affirmed.

TURNER, J., and ALLYN, J., concurred.