[No. 577. Decided May 9, 1893.]

ANNA CARTER, *Respondent*, v. E. D. DAVIS, *Appellant*.

EXEMPTIONS — ABSCONDING HOUSEHOLDER.

Where a person has left the state with intent to defraud his creditors his property is not exempt from attachment, and his wife cannot claim the statutory exemption in his behalf.

*Appeal from Superior Court, Skagit County.*

*Million & Houser,* for appellant.

The opinion of the court was delivered by

ANDERS, J.— This action was brought by the respondent to recover certain property in the possession of the appellant, who, as sheriff of Skagit county, levied upon and took the same into his custody by virtue of certain writs of attachment issued out of the superior court of said county in certain actions therein pending against one R. P. Carter, the husband of the respondent; and also to recover certain moneys, being the proceeds of attached property sold by the appellant by order of court.    That the writs, by virtue of which the property was seized, were regular and valid upon their face was not disputed.    Nor did the respondent claim to be the owner of the property attached, except a portion thereof, in her own right.    But she based her right of recovery upon the alleged ground that the property was, by law, exempt from execution or attachment, and that the appellant was therefore wrongfully in possession of it.    The testimony is not in the record, but the facts, as found by the court, were agreed upon between the respective parties, except as to the ownership of certain property claimed to be the separate property of the respondent, which question was submitted to a jury upon special interrogatories, and determined in favor of the respondent.    Upon the facts so found and agreed upon, the court rendered judgment in favor of the respondent and against the appellant for the possession of the property in controversy and for costs.    The appellant contends that this judgment is unsupported by the findings of fact and is contrary to law.

The findings of fact, which are not altogether as full, explicit and consistent as they might have been made, show that the respondent and R. P. Carter are husband and wife, have no children, and are engaged in the business of farming; that on December 1, 1891, the appellant, acting

under the direction of certain writs of attachment against the property of the said R. P. Carter, levied upon and took into his possession certain described live stock, consisting of horses, mules and neat cattle, together with other property in controversy; that on January 4, 1892, the appellant, by order of court, sold a portion of the property so levied upon, to wit, two horses named "Big Nellie" and "Fannie," for which he received the sum of one hundred and sixty-five dollars, and also all the balance of the live stock above mentioned (except one cow, and two calves, which were claimed and received by the respondent at the time of the sale), for which he received more than two hundred and fifty dollars; that fifty days prior to said sale, the said R. P. Carter absconded and left the State of Washington, with intent to defraud his creditors; that afterwards, and on January 19, 1892, the respondent "acting for the said R. P. Carter and in his absence," duly and legally claimed of the appellant as exempt from attachment and sale, and as being community property of the respondent and the said R. P. Carter, certain household goods and furniture not now involved in this litigation, and not exceeding one hundred and fifty dollars in value; also two hundred and fifty dollars in coin, the proceeds of the sale of live stock, selected in lieu of the exemptions provided for in subdivision 4 of § 486 of the Code of Civil Procedure, and also the sum of one hundred and sixty-five dollars, the proceeds derived from the sale of the horses "Big Nellie" and "Fannie" as aforesaid, together with other property claimed to be her separate property and not subject to attachment and sale, and then in the possession of appellant.

From the above statement of the facts as presented in the record, it will be observed that it does not appear that the respondent was a householder residing in this state at the time of the levy of the attachment, and, as such, en-

titled to the benefits of the exemption law.   Nor does it
appear that she intends to carry on the business of farming
in the absence of her husband.   But it does appear that,
in claiming the property in question as exempt, she was
acting for R. P. Carter in his absence.   Now, conceding
that R. P. Carter was a householder at the time of the
levy, and it appearing that his family consisted of his wife,
the respondent, only, he had a right as such householder,
if entitled to any exemption whatever, to retain one bed
and bedding, and other household goods and utensils and
furniture, such as he might select, but not exceeding five
hundred dollars coin in value.   Code Proc., § 486, subd. 3.
The respondent, as his representative, selected the "bed
and bedding" and certain other household goods, utensils
and furniture not exceeding one hundred and fifty dollars
in value, none of which was levied upon by the appellant,
and then demanded of appellant, in lieu of other property
of like character which was not selected, and perhaps not
even possessed by her husband, two hundred and fifty dol-
lars, the proceeds of the sale of the live stock above men-
tioned, none of which was claimed to be exempt at all, and
also the sum of one hundred and sixty-five dollars, the pro-
ceeds derived from the sale of the two horses, "Big Nel-
lie" and "Fannie."   The claim to this two hundred and
fifty dollars, in the hands of the sheriff, is manifestly un-
founded in law.   The section of the statute referred to
authorizes the selection of "other household goods, uten-
sils and furniture," and prescribes the method and by
whom such property may be selected, but confers no right
to retain or select other property of a different character,
in lieu of that authorized to be selected and retained.

But it is claimed by the appellant that in no event can
the judgment in this action be sustained, for the reason
that the legislature has expressly provided that the prop-
erty of a person who has left the state with intent to de-

fraud his creditors shall not be exempt from execution or attachment. Code Proc., § 489. Such being the law, the judgment must be reversed, irrespective of other considerations, unless the respondent has shown that she has some right or interest in the property claimed on behalf of her husband, beyond that which could be asserted by him. And we are unable to perceive that she has done so. The husband himself could only claim the property in controversy as a householder and a farmer, but having absconded he lost all right of exemption in either capacity. And what the husband could not do the respondent could not do for him, as his agent or representative. His rights can in no way be enlarged by the mere fact that the statute. permits his wife to select as exempt in his absence such property as he might select if personally present.

But the court finds as a fact that a certain portion of the property in dispute is the separate property of the respondent, and that finding, for the purposes of this case, must be taken as true. Our conclusion, therefore, is, without discussing the remaining questions raised by the appellant, that the judgment of the court below must be reversed, except that portion thereof referring to the specific separate property of the respondent, as to which it must be affirmed.

The cause is accordingly remanded to the lower court, with directions to modify the judgment heretofore entered and to enter judgment for the respondent for the possession of the property described in paragraph 5 of the findings of fact herein. The appellant will recover costs.

STILES, HOYT and SCOTT, JJ., concur.

DUNBAR, C. J., dissents.