### In re SCHEIER et al.

#### (District Court, E. D. Washington, E. D.    June 2, 1911.)

#### No. 1,021.

**1. COURTS (§ 96*)—TERRITORIAL COURTS—DECISIONS—CONCLUSIVENESS—RULE OF PROPERTY.**

Decisions of a Supreme Court of a territory construing a territorial statute should be given the same force and effect as a decision of a supreme court of a state, especially where the decision establishes or relates to a rule of property.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 96.*

Conclusiveness of judgment between federal and state courts, see notes to Kansas City, Ft. S. & M. R. Co. v. Morgan, 21 C. C. A. 478; Union & Planters' Bank v. Memphis, 49 C. C. A. 468.]

**2. COURTS (§ 366*)—CONSTRUCTION—EFFECT.**

Construction placed on a statute by the highest court within the jurisdiction of the lawmaking body becomes a part of the statute.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 954–957; Dec. Dig. § 366.*]

**3. BANKRUPTCY (§ 397*)—PARTNERSHIP—EXEMPTIONS.**

Individual partners cannot claim exemptions from the partnership property as against partnership debts in bankruptcy, though the other partner or partners may have consented thereto.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 397.*]

**4. EXEMPTIONS (§ 52*)—STATUTES—PROPERTY IN LIEU OF PROVISIONS, ETC.**

Under Rem. & Bal. Code Wash. § 563, subd. 4, providing that a debtor shall have exempt certain domestic animals and the feed therefor for six

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

months, and also provisions and fuel for his family, a debtor who has not the animals referred to cannot select other property in lieu thereof and hold the same exempt from his creditors.

[Ed. Note.—For other cases, see Exemptions, Cent. Dig. § 40; Dec. Dig. § 52.*]

In Bankruptcy. In the matter of bankruptcy proceedings of Julius Scheier and Louis Scheier, copartners as Scheier Brothers, and as individuals. On certified questions by the referee. Referee's decision denying exemptions affirmed.

Edelstein & Weinstein, for bankrupts.
Campbell & Goodwin, for trustee.

RUDKIN, District Judge. The following questions have been certified to the court by the referee in bankruptcy at the instance of one of the above-named bankrupts:

1. "Is a bankrupt, a member of a bankrupt partnership, who is a householder as defined by the laws of the state of Washington, and, at the time of filing his petition in bankruptcy, possessed none of the animals enumerated in subdivision 4 of section 563 of Remington & Ballinger's Codes and Statutes of Washington, entitled to retain from the assets of his firm, as exempt under said subdivision 4 of said section 563, other property to the value of $250 in lieu of such animals; he having no individual assets from which to claim such exemption, no member of the partnership having assets not claimed by and set off to him as exempt, the firm assets being insufficient to pay firm creditors in full, and his only copartner consenting to the allowance of the exemption claimed by him from the firm assets?"

2. "If the bankrupt, Julius Scheier, is entitled to the allowance of exemptions from the partnership assets under the facts stated in question No. 1, should he be allowed, by virtue of said subdivision 4 of said section 563, to retain from the partnership assets any property in lieu of sufficient provisions and fuel for the comfortable maintenance of himself and family for six months; he having had no appreciable supply of provisions and fuel on hand at the time of filing his petition in bankruptcy?"

Section 563, subd. 4, Rem. & Bal. Code, referred to in the foregoing certificate, provides as follows:

"The following property shall be exempt from execution and attachment, except as hereinafter specially provided: * * * (4) To each householder, two cows, with their calves, five swine, two stands of bees, thirty-six domestic fowls, and provisions and fuel for the comfortable maintenance of such householder and family for six months, also feed for such animals for six months: Provided, that in case such householder shall not possess or shall not desire to retain the animals above named, he may select from his property and retain other property not to exceed two hundred and fifty dollars, coin, in value. The selection in the proviso mentioned shall be made in the manner and by the person and at the time mentioned in subdivision three, and said selection shall have the same effect as selections made under subdivision three of this section."

The right to the exemptions claimed is fixed by the laws of the state where the bankrupt resides, and the decisions of the highest court of the state construing these laws are controlling upon the federal courts.

In Charleston v. McGraw, 3 Wash. T. 344, 17 Pac. 883, the Supreme Court of the territory held that a partner could not claim ex-

emptions from partnership property under similar facts; but no decision has been made by the Supreme Court of the state upon this question.

[1] How far the decision of the Supreme Court of the territory is binding on this court may admit of question; but it would seem that the decision of the highest court of the territory construing a territorial statute should have the same force and effect as a decision of the Supreme Court of the state. This is especially true where the decision establishes or relates to a rule of property.

[2] The construction placed upon a statute by the highest court within the jurisdiction of the lawmaking body becomes a part of the statute, and, if the Legislature cannot add to exemptions without impairing the obligation of existing contracts, certainly no court should accomplish the same result by a mere change in its decisions.

[3] However, if I should disregard the decisions of the Supreme Court of the territory entirely, the overwhelming weight of judicial authority would lead me to the same conclusion.

"By the great weight of authority individual partners cannot claim exemptions in the partnership property as against a partnership debt. This is held on various different grounds: (1) On the well-known ground that partnership property is subject to the payment of partnership debts before all other claims; (2) the impracticability or even inequity of allowing an exemption out of the property; (3) that, under the theory of the civil law that a partnership is an entity—a theory not generally recognized by the common law and one which is inconsistent with its principles—and that the partnership property does not belong to the individual partners, but to the firm, that is, to the legal entity; (4) that the different exemption statutes contemplate only individuals and have no reference to partnerships." 18 Cyc. 1383.

A different rule obtains in Georgia, Michigan, North Carolina, New York, Wisconsin, and perhaps one or two other states; but the federal courts sitting in bankruptcy have never adopted or followed the minority rule outside of the particular states in which that rule prevails. In re Beauchamp et al., 101 Fed. 106.

The fact that the other partner has consented to the allowance of the exemption does not change the rule. McCrimmon v. Linton, 4 Colo. App. 420, 36 Pac. 300, and cases there cited.

The first question certified must therefore be answered in the negative.

[4] The second question certified must be answered in the negative for the same reason, and for the additional reason that the statute does not permit the debtor to select other property in lieu of provisions and fuel for his family and feed for the animals therein named. Carter v. Davis, 6 Wash. 327, 33 Pac. 833.

The decision of the referee denying the exemptions claimed is approved and affirmed, and an order will be entered accordingly.