In re SWANSON.

(District Court, W. D. Washington, N. D. May 5, 1914.)

No. 5148.

1. EXEMPTIONS (§ 52*)—"PROPERTY" EXEMPT—MONEY ON DEPOSIT.

Under Rem. & Bal. Code Wash. § 563, par. 4, providing that there shall be exempt from execution and attachment to each householder two cows, with their calves, five swine, etc., and that in case such householder shall not possess or desire to retain such animals as he may select from his "property," and retain other property, not to exceed $250 in value, a householder who did not have such animals was entitled to retain in lieu thereof money on deposit in a bank; there being no reason for excluding money from the meaning of the words "other property" (citing 6 Words and Phrases, pp. 5693–5728; vol. 8, pp. 7768–7770.)

[Ed. Note.—For other cases, see Exemptions, Cent. Dig. § 40; Dec. Dig. § 52.*]

2. EXEMPTIONS (§ 4*)—STATUTES—LIBERAL CONSTRUCTION.

Exemption statutes are uniformly liberally construed, with the view of effectuating the object of the lawmaker, which is to provide a limited protection to the home.

[Ed. Note.—For other cases, see Exemptions, Cent. Dig. § 4; Dec. Dig. § 4.*]

In Bankruptcy. In the matter of A. G. Swanson, bankrupt. On petition to review an order of the referee setting aside $245 as exempt in lieu of certain animals. Order confirmed.

Charles D. Fullen, of Seattle, Wash., for petitioning creditor.
F. B. Carpenter, of Seattle, Wash., for bankrupt.

NETERER, District Judge. [1] A petition has been filed to review the order of the referee setting aside $245 to the bankrupt in lieu of certain personal property as exempt under section 563, par. 4, Rem.

---

& Bal. Code of Washington. From the certificate of the referee it appears that the bankrupt is the head of a family, and is entitled under the section to exercise the right of exemption, and had on deposit in bank $245, and did not have the animals mentioned in the section of the Washington statutes referred to, which reads as follows:

"To each householder, two cows, with their calves, five swine, two stands of bees, thirty-six domestic fowls, and provisions and fuel for the comfortable maintenance of such householder and family for six months, also feed for such animals for six months: Provided, that in case such householder shall not possess or shall not desire to retain the animals above named, he may select from his property and retain other property not to exceed two hundred and fifty dollars, coin, in value."

It is contended by the petitioning creditor that the words "property" and "other property," used in this statute, "did not refer to and can have no reference to *money* or *cash*," and he cites In re. Scheier (D. C.) 188 Fed. 744, and In re Gerber, 186 Fed. 693, 108 C. C. A. 511, as decisive of the issue here.

The Gerber Case has no application to the facts certified by the referee. The court in that case simply held that the right given by the Washington statute under paragraph 3, § 563, to select "other household goods, utensils and furniture" provided in that section was confined to other property of the same kind. The reading of the section of the statute is conclusive of the fact that the selection was limited to the same character of property. The section which is material reads:

"To each householder, one bed and bedding, and one addition[al] bed and bedding for each additional member of the family, and *other household goods and utensils and furniture* not exceeding $500, coin, in value."

The selection is thus specifically limited to "other household goods, utensils, and furniture." An examination of In re Scheier, supra, discloses that the only question presented to the court upon which expression was made is (quoting from the syllabus):

"Individual partners cannot claim exemption from partnership property as against partnership debts in bankruptcy, though the other partner or partners may have consented thereto."

And the further question that:

"The statute does not permit the debtor to select other property in lieu of provisions and fuel for his family, and feed for the animals therein [section 563, par. 4] named."

It must be clear that the first suggestion has no application here, and I think it is manifest that the second is equally remote. This section exempts to the householder two cows, with their calves, five swine, two stands of bees, thirty-six fowl, and if the householder "shall not possess or shall not desire to retain the animals * * * he may select from his *other property* * * * not to exceed $250 coin in value." The bankrupt did not have the "animals," and selected in lieu thereof the $245 in the bank. This section further exempts "provisions and fuel for the comfortable maintenance of such householder and family for six months; also feed for such animals for six months"; but there is no provision to select any other prop-

erty in lieu of "provisions and fuel * * * and * * * feed for such animals," and that is all that the court sought to determine in that case.

I do not think there is any merit in the contention that money is not contemplated as "property," or "other property," in the exemption statute quoted. Webster defines property to be the exclusive right of possessing, enjoying, and disposing of a thing, ownership, and estate, whether in lands, goods, or money.

"Property is nomen generalissimum, and extends to every species of valuable right and interest, including real and personal property, assessments, franchises, and other incorporeal hereditaments." Words and Phrases, 5693.

Bouvier defines property as:

"The right and interest a man has in lands and chattels to the exclusion of others."

Property is by modern writers divided into two classes, real and personal. The animals enumerated in the section quoted and money belong to the same general property class, both being personal property. There is no reason, either in logic or common sense, why the court should limit the meaning of the words "other property," as used in the statutes, in the absence of a limitation to other like property, so as to exclude money. The lawmakers in the two specific cases mentioned, where other property has been enumerated, have specifically limited the term to property of the same kind or character, or have made no provision for the selection of property in lieu thereof.

The Supreme Court of Illinois in Fanning v. First National Bank, 76 Ill. 53, has held, under a statute providing, where the debtor has no property than such as was specifically exempt, that he could, under a statute which exempts $100 worth of other property to be selected by him, claim and have set aside to him $100 on deposit in bank.

[2] The exemption statutes are enacted to provide a limited protection to the home. The welfare of the dependents is the special object of the law's concern, and these statutes are by the Washington courts, and uniformly, liberally construed with the view of effectuating the object of the lawmaker. Every viewpoint from which this subject can be approached, it seems to me, requires that the order of the referee should be confirmed.

An order may be presented.