Pearson, C. J".
 

 This Court is of opinion, that under the provisions of the statute, Eev. Code, ch. 15, see. 89, the freeholders appointed to lay off and assign the property to which a debtor may be entitled, are not authorised to include a chose in action, a judgment, for instance, due to the debtor.-
 

 “In addition to the foregoing
 
 articles,
 
 there shall be exempt from
 
 execution
 
 the
 
 following property:
 
 one cow and calf, ten bushels of corn, fifty pounds of bacon, farming tools for one to labor, one bed, &e. for every two members of the family, and such
 
 other property
 
 as the freeholders may deem necessary for the
 
 comfort
 
 and
 
 support
 
 of the debtor’s family. Such
 
 other property
 
 not to exceed in
 
 value
 
 fifty dollars at
 
 cash valuation.”
 

 
 *86
 
 These' words all refer expressly to articles of property, which are liable to be sold under execution, and can in no sense be-made to include a chose in action. The enumeration of particular articles, one cow and calf,
 
 &$..
 
 concluding with the words, “ and such other property,” by an established rule of construction, restricts it to other property of the
 
 Wee hind.
 

 In
 
 Dean
 
 v.
 
 King,
 
 13 Ired. Rep. 20, it is said : “The great purpose of these statutes, is to prevent a house-keeper and his family from being deprived of the immediate means of subsistence, by exempting from execution such tilings as the Legislature deemed requisite to the supply of the pressing wants of food, clothing and such bedding as would enable them to-subsist together.” After some hesitation, the Court thought “a mare might pass as of a like kind with “the farming tools necessary for one laborer” — a judgment fo-r $11, is not of like kind with any thing enumerated, and differs from all in this : it is not liable to bo sold under execution.
 

 This construction is confirmed by the words of the oath of
 
 si
 
 debtor- taken under a
 
 ea. sa.,
 
 “except what is contained in my schedule, and what is exempt by law from-
 
 sale under execution;”
 
 Rev. Code, ch. 59, sec. 3.
 

 It is also confirmed- by contrasting the words with those in reference to the widow’s allowance, Rev. Code, ch. 118, see. 21. “Tif there be no crop, stock or provisions on hand, or not sufficient, the commissioners, besides the aforesaid specific articles, may allot any articles of personal property, (slaves excepted;) and any
 
 debt
 
 or
 
 debts
 
 known
 
 to
 
 be due to
 
 the intestate;
 
 and such allotment shall vest in the widow a right to collect in an action in her own name, the debts allotted to her.” However liberally disposed, the Courts may be towards poor debtors, there is no authority for adding these words to the statute, providing an allowance for them.-
 

 This Court, however, concurs in the conclusion that “ the. jury ought to find the issue in favor of the defendant,” on the ground that it involved the allegation of a
 
 fraudulent concealmmt
 
 of the debt of $11, evidenced by the judgment, and all imputation of fraud in regard to it, was rebutted by the
 
 *87
 
 fact that it was included in the allotment made by the freeholders, and filed among the records of the County Court office, as required by the statute. It would be strange if an error, committed by the freeholders, in reference to the construction of the statute, should be allowed to result in a conviction of the debtor of a fraud, and thereby subject him to be imprisoned “ until he made a full and fair disclosure,” which, in the Superior Court, would be an imprisonment without bail or mainprise, for the term of six months.
 

 The legality of the allotment, in a question about articles of property may be tried in an action of trover, for instance, as in
 
 Dean
 
 v. King,
 
 supra,
 
 but in order to review the action of the freeholders, in a question, like the present, we suppose the creditor should obtain a
 
 recordwri
 
 in the nature of a writ of false judgment, which would present the matter of law; for it is not necessary that the allotment should be confirmed by the County Court; so, there is no appeal, and errors of any inferior tribunal are corrected by the writ referred to.
 

 Per Curiam,
 

 Judgment affirmed. '