## CHOUTEAU & Another *v.* GIBSON.

IN ERROR TO THE SUPREME COURT OF MISSOURI.

Submitted March 10th, 1884.—Decided March 31st, 1884.

*Jurisdiction.*

In order to give this court jurisdiction in error of a State court it must appear affirmatively on the face of the record, not only that the federal question was raised and presented to the highest court of the State for decision, but that it was decided, or that its decision was necessary to the judgment or decree rendered in the case.

This was a motion to dismiss for want of jurisdiction.

*Mr. John W. Noble* and *Mr. C. Gibson* for appellee in support of the motion.

*Mr. Thomas T. Gantt* for Julia Maffitt, appellant, opposing.

*Mr. S. T. Glover* and *Mr. J. R. Shepley* for Charles P. Chouteau, appellant, opposing.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

From the beginning it has been held that to give us jurisdiction in this class of cases it must appear affirmatively on the face of the record, not only that a federal question was raised and presented to the highest court of the State for decision, but that it was decided, or that its decision was necessary to the judgment or decree rendered in the case. *Murdock* v. *Memphis,* 20 Wall. 590, 636.

The present record shows that Chouteau and Maffit began this suit against Gibson in the Circuit Court of St. Louis County, Missouri, to obtain a conveyance of certain lands, which they claimed that he held in trust for them. Among other defences, Gibson set up a judgment in his favor in a suit brought by him against Chouteau and Maffit to recover the possession of the lands, in which, as he alleged, the identical matters presented in this case were directly passed upon and adjudicated between the parties. It is conceded that the State Supreme Court in deciding the case sustained this defence, and rendered

the decree now here for review in favor of Gibson on that ground alone, without considering any of the other questions involved. *Chouteau* v. *Gibson*, 76 Missouri, 38.

Such being the case, it is clear we have no jurisdiction. The legal effect of the judgment set up in bar is a question of general law as to which the decision of the State court is not reviewable here. The federal questions, if any there were in the case, lay behind this defence, and could not be reached until it was out of the way. The question presented by the defence was not whether a federal right had been properly denied by a former judgment, but whether the right had been once judicially determined so as to become *res judicata* between the parties. Whether an equitable title could be set up in bar of the action at law brought by Gibson, the holder of the legal title, to recover possession, is a question of State law upon which the judgment of the State court is conclusive. The same is true of the question whether the pleadings in the former action were such as to present the equitable defence in proper form for final adjudication. The court below has decided that the pleadings were sufficient; that the equitable defence could be made, and that the judgment in that action in favor of Gibson was, in its legal effect, a judgment that Chouteau and Maffit had no title to the land in controversy. Consequently that judgment was a bar to this action, and precluded the court below as well as this court from reopening the original litigation and considering again the questions that were put at rest between the parties by the decision in their former suit. It is apparent, therefore, that no federal question which there may have been in the case was decided by the State court, and that the decision of such a question was not necessary to the final decree rendered. Without determining whether, if the former judgment had not been a bar to the action, there were questions in the case that might have given us jurisdiction, we grant the motion to dismiss.          *Dismissed.*