# SAN FRANCISCO CITY AND COUNTY *v.* ITSELL.

ERROR TO THE SUPREME COURT OF THE STATE OF CALIFORNIA.

No. 1506. Submitted January 8, 1890. — Decided January 20, 1890.

This court has no jurisdiction to review a judgment of the highest court of a State, unless a federal question has been, either in express terms or by necessary effect, decided by that court against the plaintiff in error.

THE original action was ejectment, brought in the Superior Court of San Francisco by the city and county of San Francisco to recover a tract of land in San Francisco, of which the plaintiff alleged that it was seized in fee, and entitled to the possession, in trust for the use of the State of California and of the people of the city and county as a public plaza, park, common or square, and commonly known as Hamilton square or plaza.

It was duly pleaded in the answer, and found by the court, (a trial by jury having been waived by the parties,) as follows:

1st. In July, 1869, a compromise was agreed upon between the city and one Tompkins, who claimed this and other land, by which the officers of the city, under an ordinance of the board of supervisors, executed a conveyance of the land to Tompkins, and in consideration thereof Tompkins conveyed to the city the other land claimed by him. On February 19, 1870, the ordinance and conveyances were ratified and confirmed by act of the legislature of California. On July 23, 1869, Tompkins conveyed this land to one Palmer.

2d. On September 11, 1869, Palmer brought an action against the city, in a court of the State having jurisdiction of the subject matter and of the parties, alleging that he had the title in fee and the right of possession of this land, and that the city claimed an adverse interest, but had no title, interest or estate therein; the city appeared and denied his allegations and the issue was decided in his favor, and it was adjudged that he was the lawful owner in fee simple absolute of the land, and that the city had no estate, right, title or interes'

therein, and be forever restrained and debarred from asserting any. That judgment remained in full force and effect. And on May 21, 1875, Palmer conveyed this land to one Hollis, from whom by mesne conveyances these defendants claimed title.

The Superior Court gave judgment for the defendants, and the plaintiff appealed to the Supreme Court of California, which affirmed the judgment; and the plaintiff sued out this writ of error.

Opinions of the Supreme Court Commissioners and of the Supreme Court of the State were filed in the case and copied in the record. The Commissioners were of opinion that under the rule stated in *Hoadley v. San Francisco*, 50 California, 265 ; *Sawyer v. San Francisco*, 50 California, 370, and *Hoadley v. San Francisco*, 70 California, 320, and 124 U. S. 639, the compromise could not be sustained, for want of power in the city to make it; but that the judgment pleaded was a bar, according to the decision in *San Francisco v. Holliday*, 76 California, 18. The Supreme Court was of opinion that the judgment should be affirmed, for the reasons given in the opinion of the Commissioners. 22 Pacific Reporter, 75.

*Mr. John L. Love, Mr. George Flournoy* and *Mr. J. B. Mhoon*, for plaintiff in error.

*Mr. Thomas D. Riordan, Mr. William Leviston* and *Mr. George Leviston*, for defendants in error.

Mr. Justice Gray, after stating the case as above, delivered the opinion of the court.

This court has no jurisdiction to review a judgment of the highest court of a State, unless a federal question has been, either in express terms or by necessary effect, decided by that court against the plaintiff in error. Rev. Stat. § 709 ; *New Orleans Waterworks v. Louisiana Sugar Refining Co.*, 125 U. S. 18 ; *De Saussure v. Gaillard*, 127 U. S. 216 ; *Hale v. Akers*, 132 U. S. 554.

In the present case, the record of the pleadings, findings of

fact and judgment shows that it was unnecessary for that court to decide, and its opinion filed in the case and copied in the record shows that it did not decide, any question against the plaintiff in error, except the issue whether the former judgment rendered against it and in favor of the grantor of the defendants in error was a bar to this action. That was a question of general law only, in nowise depending upon the Constitution, treaties or statutes of the United States. *Chouteau* v. *Gibson*, 111 U. S. 200.

*Writ of error dismissed for want of jurisdiction.*