## EUGENE McLARTY *v.* HARRY TIBBS.

EXEMPTION. *Wages of laborer or mechanic. Head of family. Code* 1880, § 1244.

Under § 1244, code 1880, which (among other things) provides that "the wages of every laborer or mechanic, to the amount of one hundred dollars, shall be exempt from garnishment or other legal process," the exemption can only be claimed by the head of a family.

FROM the circuit court of the second district of Yalobusha county.

Hon. JAMES T. FANT, Judge.

Section 1244 of the code of 1880 is as follows:

"The following property shall be exempt from seizure under execution or attachment, to wit: *First*—The tools of a mechanic, necessary for carrying on his trade; *Second*—The agricultural implements of a farmer, necessary for two male laborers; *Third*—The implements of a laborer, necessary in his usual employment; *Fourth*—The books of a student, required for the completion of his education; *Fifth*—The wearing apparel of every person; *Sixth*—The libraries of licensed attorneys at law, practicing physicians and ministers of the gospel, not exceeding two hundred and fifty dollars in value; also the instruments of surgeons and dentists, used in their profession, not exceeding two hundred and fifty dollars in value; *Seventh*—The arms and accoutrements of each per-

son of the militia of the state; and, *Eighth*—All globes, books and maps, used by the teachers of schools, academies and colleges; also the following property of each head of a family, to wit: two work horses or mules, or one yoke of oxen, two cows and calves, five head of stock hogs, and five sheep, one hundred and fifty bushels of corn, ten bushels of wheat or rice, two hundred pounds of pork or bacon, or other meat, one cart or wagon, not to exceed one hundred dollars in value, three hundred bundles of fodder, one sewing-machine, and all colts under three years old, raised in this state by the debtor; *and the wages of every laborer or mechanic, to the amount of one hundred dollars, shall be exempt from garnishment or other legal process.*"

Excepting the clause in italics, this section is, in substance, the same as § 2131 of the code of 1871.

The exemption of the wages of laborers originated in the act of 1872 (Laws, p. 13), and it became a part of § 1244, code of 1880, above quoted. In the act of 1872 there was no reference to heads of families.

McLarty had a judgment against Tibbs, and garnished the Illinois Central Railroad Company, and it answered, admitting an indebtedness of $66, which amount was due as wages to the defendant, Tibbs, a laborer. Both the garnishee and the defendant set up that the money was exempt from garnishment under the statute. The court held that it was exempt, and entered judgment for defendant, from which plaintiff appeals. The opinion contains a further statement of the case.

*W. S. Chapman* and *Kimmons & Chapman*, for appellant.

In construing statutes, the main object is to ascertain the intent of the legislature. When this is manifest, courts will give it effect rather than follow the statute literally. *Railroad Company* v. *Hemphill*, 35 Miss., 17; *McIntire* v. *Ingram*, *Ib.*, 25; *Ellison* v. *Railroad Company*, 36 *Ib.*, 572; *Learned* v. *Corley*, 43 *Ib.*, 687; *Bonds* v. *Greer*, 56 *Ib.*, 710.

It was evidently the intention of the legislature to exempt wages of the heads of families only.   The clause exempting wages is subordinate to the main clause, "also, the following property of each head of a family."   It cannot refer to the wages of every laborer.   This is the natural conclusion, in view of the rules of grammatical construction.   Again, the intention is gathered from the context.   Certain things are exempt to mechanics, laborers, students etc., and, lastly, certain things are exempt to the heads of families, to whatever class they belong.   If every laborer was meant, why was not the clause placed in the third paragraph, which describes the property that is exempt to all laborers?

Where special words are used, followed by words of more general import, the general words are to be limited to things of the same kind as are described by the special words, unless an intention may be found to extend their meaning.   *Leinkauf & Strauss* v. *Barnes*, 66 Miss., 207.

The laborer was mentioned in the last clause of § 1244 to put him on an equality with others, and this will result by limiting the exemption to the heads of families.   The design of the exemption is to protect families.   In all the legislation relating to this subject, there is nothing exempt to a man in any class who has not the responsibility of a family, except the implements necessary in his calling.   Professional men, not the heads of families, have nothing exempt except a library or the instruments used in their business, and so of students and others.

Why should a special privilege or advantage in this respect be given to a laborer or mechanic not the head of a family?   If a laborer who has no family, raises a crop on shares, the whole of his part, though less than one hundred dollars in value, would be subject to execution.   This being true, there would be no justice in exempting the wages of a laborer not working on shares. .

No counsel for appellee.

Woods, J., delivered the opinion of the court.

Tibbs, the defendant, is a laborer, over the age of twenty-one years, unmarried, and not the head of a family. Are his wages as such laborer, to the amount of one hundred dollars, exempt from garnishment or other legal process?

Unless we are to disregard the structure of the statute, paragraph eight, § 1244, code of 1880, and all rules of grammatical and legal interpretation, the exemption referred to is conferred upon heads of families only.

The first and third paragraphs of the section create the exemptions peculiar to mechanics and laborers. Paragraph eight creates an additional exemption, in pursuance of the general policy of our laws for the protection of families, in favor of all heads of families, regardless of the calling of such heads. The exemption sought by the appellee is found not only in the paragraph conferring exemptions upon heads of families, but in the very sentence so conferring such exemptions. By every rule of grammatical construction, the exemption is limited to heads of families; and by that simple rule of legal interpretation, the general words, ".every laborer or mechanic," following the particular words, "each head of a family," are to be referred to and controlled by such first used particular words; and the true reading will therefore be, "the wages of every laborer or mechanic who is the head of a family, to the amount of one hundred dollars, shall be exempt," etc.

But this view is so palpably plain as to require no argument.

*Reversed and remanded.*