# KENNEY *v.* CRAVEN.[1]

ERROR TO THE SUPERIOR COURT OF THE STATE OF
MASSACHUSETTS.

No. 31.   Argued November 12, 1909.—Decided November 29, 1909.

The determination by a state court that a purchaser *pendente lite* from the trustee of a bankrupt is bound by the decree against the trustee in the action of which he has notice gives effect to such decree under

---

[1] Docket title originally Corbett *v.* Craven. Death of plaintiff in error suggested, and Kenney and McVey, special administrators, substituted November 11, 1909.

the principles of general law; and if, as in this case, it does not involve passing on the nature and character of the rights of the parties arising from the transaction of purchase and sale, no Federal question is involved.

Writ of error to review 196 Massachusetts, 319, dismissed.

JAMES CONNOR, a manufacturer of woolen cloth, operating two mills located in Holyoke, Massachusetts, sold to Michael Craven machinery contained in the mills and evidenced the same by three bills of sale executed respectively on October 12, 1883, April 6, 1885, and March 10, 1891. On June 18, 1901, Connor was adjudicated a bankrupt, and in August following Nathan B. Avery was appointed trustee. In the same month Avery, as trustee, commenced a suit in equity in a state court of Massachusetts, and therein assailed the validity of the bills of sale to Craven, above referred to, and prayed that they might be set aside and the property decreed to belong to the estate of the bankrupt. While that suit was pending and on September 18, 1901, Avery, trustee, sold to William J. Corbett, as part of the bankrupt estate, certain of the machinery situated in the mills already referred to. In 1905 Corbett brought this action against Craven to recover from him the value of the machinery so as aforesaid transferred to him by Avery, trustee, alleging that Craven had taken possession of and converted the property sued for to his own use. During the pendency of the action the equity cause was decided, and, after the entry of the decree therein, an amended answer was filed in this action. Therein, in addition to a general denial, the decree in the equity suit in favor of Craven was specially pleaded in bar, and it was averred that the title and right of possession of the property in controversy in this action was in issue in said equity cause and had been adjudicated by the decree to be in Craven. An auditor was appointed "to hear the parties, to examine their vouchers and evidence, to state the accounts, and make report thereof to the court." After the taking of evidence had been concluded the auditor filed a lengthy report, in which were embodied numerous findings of

fact. On the ultimate issues the auditor found for the plaintiff. As regards the decree in the equity cause pleaded in bar, it was found that the title to the property alleged in this action to have been converted by the defendant Craven had not been the subject of litigation in the equity cause, and that the decree in that cause was not a bar to a recovery by the plaintiff. The case was then by the court committed to a jury, who found for the plaintiff, and assessed his damages at $4,696.01. The defendant, on exceptions, carried the cause to the Supreme Judicial Court of Massachusetts. There the exceptions were sustained, upon the sole ground that the decree in the suit in equity was a bar to the claim of plaintiff. *Corbett* v. *Craven*, 193 Massachusetts, 30. Subsequently in the trial court the plaintiff was allowed to amend his declaration by adding thereto the following paragraph:

"And the plaintiff says that said goods and chattels were the property of one James Connor, who was adjudicated a bankrupt by the District Court of the United States for the District of Massachusetts, June 18, 1901; that on August 3, 1901, Nathan P. Avery, of Holyoke, was duly appointed trustee in bankruptcy of the estate of said Connor; that on August 6, 1901, the said Avery duly filed bond and duly qualified as such trustee; that on September 18, 1901, the said plaintiff acquired title to said goods and chattels by purchase from said Avery as trustee aforesaid, the said Avery being duly authorized by said District Court to make sale of said goods and chattels; and that the plaintiff in this action, relying upon such title acquired as aforesaid from said Avery, specially sets up and claims that said title was acquired under an authority exercised under the United States within the meaning of section 709 of the Revised Statutes of the United States."

A similar averment was also embodied in a reply filed at the same time to that part of the answer of defendant which sets up "a former judgment as a bar." Certain other matters were also stated in the replication in avoidance of the effect of the adjudication in the equity cause, but they need not be par-

ticularly referred to, as no contention based upon them was pressed at bar or called to our attention in any form.

The action was again tried to a jury, who, by direction of the court, returned a verdict for the defendant. The cause was again heard on exceptions in the Supreme Judicial Court of Massachusetts, and, after consideration of the new matter contained in the replication to the answer, the exceptions were overruled. *Corbett* v. *Craven,* 196 Massachusetts, 319. The trial court thereupon entered judgment on the verdict, and this writ of error was prosecuted.

*Mr. Christopher T. Callahan* for plaintiff in error:

As to the jurisdiction: The decision of the state court that the trustee's authorized sale to plaintiff passed no title presents a Federal question. It is not as though the state court had merely the question on principles of general law. This court has jurisdiction. *Scott* v. *Kelley,* 22 How. 57; *Mays* v. *Fillon,* 20 Wall. 14; *McHenry* v. *La Société,* 95 U. S. 58; *Davis* v. *Friedlander,* 104 U. S. 570, 575; *McKenna* v. *Simpson,* 129 U. S. 506; *Cramer* v. *Wilson,* 195 U. S. 408. The state court's rejection of the trustee's title rested not on conditions existing at time he acquired it but on a subsequent official act. For other cases in which this court has taken jurisdiction in cases involving title of persons holding under Federal authority, see *Clements* v. *Berry,* 11 How. 398, 408; *Buck* v. *Colbath,* 3 Wall. 334, 340; *Sharp* v. *Doyle,* 102 U. S. 686; *New Orleans R. R.* v. *Delamore,* 114 U. S. 501, 506; *Williams* v. *Heard,* 140 U. S. 529, 535; *Stanley* v. *Schwalby,* 147 U. S. 508, 519; *Hussman* v. *Durham,* 165 U. S. 144; *Aldrich* v. *Aetna,* 8 Wall. 491; *Dupassier* v. *Rochereau,* 21 Wall. 130; *O'Brien* v. *Weld,* 92 U. S. 81; *Baldwin* v. *Stark,* 107 U. S. 463; *Pittsburg &c. R. R.* v. *Long Island Co.,* 172 U. S. 493; *Publishing Co.* v. *Beckwith,* 188 U. S. 567; *Yates* v. *Jones National Bank,* 206 U. S. 155, 167.

A Federal question is presented by the contention that due effect is denied to a decree of the Federal court in sustaining

a plea of *res judicata*. *National Foundry* v: *Oconto Water Co.,* 183 U. S. 216, distinguishing *Avery* v. *Popper*, 179 U: S. 305.

*Mr. Charles G. Gardner* for defendant in error:

As to the jurisdiction: A Federal question is not presented merely because the plaintiff claims title from one who derives his authority to sell from a Federal statute. *Blackburn* v. *Portland Mining Co.*, 175 U. S. 571, 579; *Continental Bank* v. *Buford*, 191 U. S. 119, 125.

MR. JUSTICE WHITE, after making the foregoing statement, delivered the opinion of the court.

The assertion that this court has jurisdiction is based upon the contention of the plaintiff in error that he specially set up in his replication filed below a title acquired under an authority exercised under the United States, that is, a purchase of property from a trustee in bankruptcy under the sanction of the bankruptcy court, and that such title was denied by the decision of the state court. We are not called upon to consider these propositions from a purely abstract point of view, since, of course, we are only required to determine their import in so far as they are involved in the decision of the question arising on the record. Confining our contemplation to that subject it, we think, becomes clear that the contentions are wholly irrelevant to the question of jurisdiction concerning which they are advanced and relied on. We say this, because it is obvious on the face of the record that the court below rested its decision solely on the ground that the plaintiff, as a purchaser *pendente lite* from the trustee, was bound by the decree rendered against the trustee in the equity cause, and that, giving to that decree the effect which it was entitled to have as the thing adjudged, under general principles of law it operated to estop the trustee and the plaintiff, his privy, from asserting title to the property. As, therefore, the court below did not, as an original question, consider and pass upon

VOL. CCXV—9

the nature and character of the rights of the parties arising from the transaction of purchase and sale, but its judgment. was solely based upon the operation and effect of the prior judgment between the parties or their privies, it follows that the decision of the case was placed upon no Federal ground but involved solely the decision of a question of general law, that is, the effect and scope of the thing adjudged as arising from the prior judgment of the state court. *Chouteau* v. *Gibson*, 111 U. S. 200; *San Francisco* v. *Itsell*, 133 U. S. 65; *Covington* v. *First Nat. Bank*, 198 U. S. 100, 107. Indeed the fallacy underlying all the contentions urged in favor of our jurisdiction and the arguments of inconvenience by which those propositions are sought to be maintained, in their ultimate conception involve the assumption either that the correctness of the state decree, which was held to be *res judicata*, is open for consideration on this record, or assail the conclusively settled doctrine that the scope and effect of a state judgment is peculiarly a question of state law, and therefore a decision relating only to such subject involves no Federal question.

*Dismissed for want of jurisdiction.*