[No. 11715.   Department Two.   July 7, 1914.]

CREDITORS COLLECTION ASSOCIATION, *Appellant*, v. FRANK E. BISBEE *et al.*, *Respondents*, NORTHERN PACIFIC RAILWAY COMPANY, *Garnishee, Defendant*.[1]

EXEMPTIONS—PROPERTY EXEMPT—STATUTES—CONSTRUCTION. Under Rem. & Bal. Code, § 563, subd. 4, providing for an exemption to a householder of specified domestic animals, with a proviso that, if the householder does not possess or desire to retain the animals named, he may select and retain "other property" not to exceed two hundred and fifty dollars in value, the "other property" to be selected must be property of a like nature, under the rule of *ejusdem generis;* hence money cannot be selected in lieu of such exempt property.

STATUTES—TITLE AND SUBJECTS—AMENDMENTS. The law of 1907, Rem. & Bal. Code, § 703, amending the act relating to wage exemptions from garnishment, is not unconstitutional in that it fails to refer in its title to, or to set forth at length, Id., § 563, subd. 4, being part of the general exemption law, exempting specified property from sale on execution and attachment; since the acts in nowise conflict or relate to the same subject-matter.

Appeal from a judgment of the superior court for King county, Tallman, J., entered September 25, 1913, upon findings in favor of the defendants, upon an agreed statement of facts.   Reversed.

*Beechler & Batchelor* and *James C. McKnight*, for appellant.

*R. B. Brown*, for respondents.

MORRIS, J.—This appeal involves the construction of our exemption laws, as applied to an agreed statement of facts, from which it appears that the appellant recovered judgment by default before a justice of the peace for $61.50, against the respondents, upon a debt for actual necessaries.   A writ of garnishment was issued, directed to the railway company, to which the railway company answered, admitting an in-

debtedness to Frank E. Bisbee in the sum of $151.52 for wages earned during the months of December, 1912, and January, 1913. On the return day of the writ of garnishment, respondents presented a claim for exemption, alleging that, outside of household furniture worth not to exceed $300, they possessed no property except money due from the railway company, and that they elected to select and retain such money in lieu of the specific property mentioned in subd. 4, Rem. & Bal. Code, § 563 (P. C. 81 § 872). The justice of the peace allowed respondents an exemption to the extent of $40, under Rem. & Bal. Code, § 703 (P. C. 81 § 523), exempting not to exceed ten dollars per week for four successive weeks where the debt was contracted for actual necessaries; from which ruling the respondents appealed to the superior court, where they obtained a ruling that the claim of exemption should be allowed in full, under subd. 4, § 563; and that § 703, Rem. & Bal. Code, was unconstitutional. Section 703 is chapter 210 of the Laws of 1907, p. 477, and is as follows:

"An Act relating to exemptions and amending section 5412 of Ballinger's Annotated Codes and Statutes of Washington.

"Be it enacted by the Legislature of the State of Washington:

"Section 1. That section 5412 of Ballinger's Annotated Codes and Statutes of Washington be amended to read as follows: Sec. 5412. Current wages or salary to the amount of one hundred dollars ($100.00) for personal services rendered by any person having a family dependent upon him for support, shall be exempt from garnishment, and where it appears upon the trial, or by answer of the garnishee, when not controverted as hereinafter provided, that the garnishee is indebted to the defendant for such current wages or salary for an amount not exceeding one hundred dollars ($100.00), the garnishee shall be discharged as to such indebtedness: Provided, That if the garnishment be founded upon a debt for actual necessaries furnished to the defendant or his family or his dependents, no exemption shall be allowed in excess of ten dollars ($10.00) out of each week's wages or

salary, whether said wages or salary are paid, or to be paid, weekly, bi-weekly, monthly or at other intervals, and whether there be due the defendant wages for one week or a longer period: Provided, however, That said exemption shall in no event be allowed out of wages or salary for a longer period than four (4) consecutive weeks: And provided further, That no money due or earned as wages or salary shall be exempt from garnishment in lieu of any other property. The provisions of this section shall apply to actions in the superior court or before justice of the peace, and shall govern exemptions of wages or salary to the exclusion of all other statutes or parts of statutes."

Section 563 provides:

"The following property shall be exempt from execution and attachment, except as hereinafter specially provided: . . . 4. To each householder, two cows, with their calves, five swine, two stands of bees, thirty-six domestic fowls, and provisions and fuel for the comfortable maintenance of such householder and family for six months, also feed for such animals for six months: Provided, That in case such householder shall not possess or shall not desire to retain the animals above named, he may select from his property and retain other property not to exceed two hundred and fifty dollars, coin, in value. The selection in the proviso mentioned shall be made in the manner and by the person and at the time mentioned in subdivision three, and said selection shall have the same effect as selections made under subdivision three of this section."

We are unable to agree with the lower court in either of these holdings. The words "other property," appearing in the proviso of subdivision 4, can refer only to other property of a like nature to that specifically mentioned, under a well-known rule of statutory construction. To hold that money falls within the phrase "other property," is to do violence to the rule of *ejusdem generis*. *Carter v. Davis*, 6 Wash. 327, 33 Pac. 833; *In re Gerber*, 186 Fed. 693; *In re Scheier*, 188 Fed. 744; *Ballard v. Waller*, 52 N. C. 84. In the *Carter* case, the action was brought by the wife of the

debtor against the sheriff, to recover property levied upon by the sheriff under writs of attachment issued against the husband, and also to recover certain money as the proceeds of attached property that had been sold. This property consisted of two horses for which the sheriff had received $165, and certain other livestock for which he received $250. The wife had claimed exemption of certain houshold goods not involved in the action, and also $250 in coin the proceeds of the sale of the livestock selected in lieu of the exemptions provided for in subd. 4. It was sought to base the exemption right as a lieu exemption upon subd. 3 of § 563, exempting to each householder certain enumerated animals "and other household goods, utensils and furniture not exceeding $500 in coin in value." This contention was denied, the court holding that no right was conferred upon the debtor to retain other property of a different character in lieu of that authorized to be retained as exempt. In the *Gerber* case, a Seattle bankrupt sought to retain $250 in money in lieu of the property specified in subd. 4. The circuit court of appeals, in denying the right of exemption, cites the *Carter* case as authority, and says:

"If, as the court there held, the right given by the Washington statute to select 'other household goods, utensils and furniture,' in cases provided for, was confined to other property of the same kind, and conferred no right to retain or select other property of a different character in lieu of that authorized to be selected and retained, it would seem to follow necessarily that the same construction must be given to like provisions contained in subdivision 4, § 563, Rem. & Bal. Code."

In the *Scheier* case, Judge Rudkin, in construing this same provision holds that, if the bankrupt is not possessed of the animals specifically mentioned, he is not entitled to retain from his assets other property of the value of $250 in lieu thereof. The North Carolina case, construing a like provision, says:

"The enumeration of particular articles, one cow and calf, &c., concluding with the words, 'and such other property,' by an established rule of construction restricts it to other property of the *like kind.*" *Ballard v. Waller*, 52 N. C. 84.

The case of *McLarty v. Tibbs*, 69 Miss. 357, 12 South. 557, in applying this rule to an exemption statute, says: "This is so palpably plain as to require no argument." We therefore hold that the lower court was in error in its first ruling.

Neither can we sustain the ruling that the act of 1907 is unconstitutional. The main argument in support of this ruling proceeds upon the theory that, under subd. 4, "other property" includes property of any description which the debtor who does not possess the specified animals may select and retain in lieu thereof, and that the law of 1907 by amendment changes the scope and character of subd. 4, § 563, without the necessary reference in the title of the act or setting forth the amended section at length; thus violating three mandatory constitutional provisions, §§ 19, 37, and 38, of art. 2, of the constitution.

The argument falls because built upon a false premise. Subdivision 4 provides, not for a general but a specific exemption, and the act of 1907 neither purports to amend this section, nor does it enact any conflicting provision. All that the act of 1907 seeks to do is to amend Bal. Code, § 5412, which originally had been § 23 of the garnishment act of 1893, bearing no relation whatever to subd. 4 nor treating of the same subject-matter, the one being a specific act relating to wage exemptions from garnishment, and the other being part of the general exemption law as amended in 1885, relating to specifically enumerated species of property as exempt from execution and attachment. Section 23 of the act of 1893 was amended by the garnishment act of 1897 by fixing the amount exempt under the act at the sum of $100. This section was again amended in 1901 by providing that, if the garnishment was founded upon a debt for

actual necessaries, the exemption should not exceed ten dollars per week for four successive weeks. Then comes the act of 1907, enlarging somewhat upon the ten dollars per week exemption and adding, "that no money due or earned as wages or salary shall be exempt from garnishment in lieu of any other property." Thus it is clear that the legislature has, through these various amendments, carefully recognized and preserved § 5412 as relating purely to exemption of wages from garnishment, and while becoming a part of the general exemption laws of the state, in nowise conflicts with nor tends in any way to change the provisions of § 563 relating to exemptions of specifically enumerated personal property from execution and attachment. So that, if it be said that these statutes are *in pari materia* and must therefore be construed together and the intent of the legislature determined from a consideration of the whole, it is clear that the legislative intent has been clearly expressed to preserve the integrity of these special laws and to maintain and preserve a clear distinction between them.

The judgment is therefore reversed.

CROW, C. J., FULLERTON, MOUNT, and PARKER, JJ., concur.