## In re FRENCH.

### (District Court, W. D. Washington, S. D. May 4, 1918.)

### No. 2399.

1. EXEMPTIONS ☞68—WAGES—AMOUNT.

Under Rem. & Bal. Code Wash. § 564, relating to property exemptions, and section 703, relating to wage exemptions, a debtor is entitled to only $40 wage exemption as against a judgment for necessaries, though the necessaries were furnished more than 60 days before suit was brought.

2. BANKRUPTCY ☞228—REVIEW—SCOPE.

On petition to review an order of the referee allowing a wage exemption to the bankrupt, the court will consider wage exemptions claimed and not allowed.

3. EXEMPTIONS ☞52—WAGE EXEMPTION—SCOPE.

Under Rem. & Bal. Code Wash. § 703, as amended by Laws 1907, p. 477, declaring that no money due as wages shall be exempt from garnishment in lieu of other property, a debtor cannot be allowed an exemption out of money due as wages in lieu of live stock specifically exempted to a head of a family by section 563, subd. 4.

In Bankruptcy. In the matter of the bankruptcy of Edward W. French. Petition by the trustee to review an order of the referee allowing the bankrupt certain exemptions in wages. Bankrupt's exemption limited.

Hiram E. Washburn, of Tacoma, Wash., trustee in pro. per.
O. S. Galbreath, of Tacoma, Wash., for bankrupt.

CUSHMAN, District Judge. [1] The bankrupt claimed $100 due him in wages as exempt. The trustee refused to allow such exemption in excess of $40. Among the claims filed was a judgment rendered in 1912 for necessaries furnished the bankrupt. No question is made but that these were "actual" necessaries. The evidence taken before the referee showed that such necessaries were furnished more than 60 days before the suit was brought in which such judgment was rendered. The referee allowed the bankrupt, as exempt, wages to the amount of $100. The trustee is asking a review.

Section 564, Remington & Ballinger's Code, provides:

"No property shall be exempt from execution * * * for actual necessaries, not exceeding fifty dollars in value or amount furnished to the defendant or his family within sixty days preceding the beginning of an action to recover therefor: * * * Provided, that nothing herein shall be construed as repealing or in any wise affecting section 703 infra."

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Section 703, Remington & Ballinger's Code (Laws of 1901, page 294), in effect at the time of the enactment of section 564, was as follows:

" * * * Current wages or salary to the amount of one hundred dollars for personal services rendered by any person having a family dependent upon him for support, shall be exempt from garnishment, and where it appears upon the trial, or by answer of the garnishee, when not controverted as hereinafter provided, that the garnishee is indebted to the defendant for such current wages or salary for an amount not exceeding one hundred dollars, the garnishee shall be discharged as to such indebtedness; (provided) that if the garnishment be founded upon a debt for actual necessaries furnished to the defendant or his family, no exemption shall be allowed in excess of ten dollars per week for four consecutive weeks. The provisions of this section shall apply to actions in the superior court or before justices of the peace."

By later amendment (Laws 1907, p. 477), the latter part of this section was made to read as follows (the change not being important, though, to the present inquiry):

" * * * Provided, that if the garnishment be founded upon a debt for actual necessaries furnished to the defendant or his family or his dependents, no exemption shall be allowed in excess of ten dollars ($10.00) out of each week's wages or salary, whether said wages or salary are paid, or to be paid, weekly, biweekly, monthly or at other intervals, and whether there be due the defendant wages for one week or a longer period: Provided, however, that said exemption shall in no event be allowed out of wages or salary for a longer period than four (4) consecutive weeks. * * * "

The referee held that section 703 was qualified by the following language of section 564:

"Necessaries, not exceeding fifty dollars in value or amount furnished to the defendant or his family within sixty days preceding the beginning of an action to recover therefor. * * * "

And as, in the instant case, the necessaries were not furnished within 60 days of the commencement of the suit, the bankrupt was entitled to the full exemption of $100 from the wages due him.

Both of these sections give protection to a creditor who has furnished a debtor with actual necessaries, and they also each afford a different character of safeguard to the debtor. In view of the peremptory language used in section 564:

"Provided, that nothing herein shall be construed as repealing or in any wise affecting section 703, infra"

—(the proviso being as broad as the section), only necessity, or a clear intent otherwise shown to the contrary would justify the court—however liberal the construction invoked—in holding that, in spite of this positive denial of modification, section 703 was nevertheless affected and modified by section 564. Upon consideration of the effect and application of these provisions, no such necessity or intent is made to appear. While the two sections treat of the same general subject-matter, the recovery by a creditor for actual necessaries furnished the debtor, section 564 is general, and section 703 is a special enactment.

Section 564 contemplates any property any and all debtors may have, for it provides: "No property shall be exempt."

Section 703 is a special enactment, providing for the exemption of a particular kind of property, wages, to a particular debtor, a wage-earner, as against a claim for actual necessaries, and therefore is in the nature of an exception to the general provision of section 564. Section 703 (as it then read and in this respect not materially changed since) shows a purpose to discriminate in favor of the wage-earner by allowing him an exemption of "ten dollars ($10.00)" for "four (4) consecutive weeks," even as against a claim for actual necessaries, while other debtors were protected from hardship in a different manner, by limiting the amount a creditor could recover out of property otherwise exempt to $50, and further limiting the time within which an action could be brought for that purpose to 60 days following the furnishing of the necessaries for which suit was brought.

One kind of protection having been furnished one particular class of debtor, and another kind of protection provided for the other classes, there is no reason to conclude that the particular class was intended to have the advantage of both, especially, in view of the language of the proviso of section 564 above quoted.

[2] While the referee based his decision upon the applicability of the 60-day provision, the bankrupt having asserted a right to exemption out of his wages of $250 in lieu of certain live stock specifically exempted to the head of a family (Remington & Ballinger's Code, § 563, subd. 4), and which property this bankrupt did not possess, that question will also be considered.

[3] It is not necessary to determine whether the case of Lemagie v. Acme Stamp Works, 167 Pac. 60, August 22, 1917, overruling Creditors' Collection Ass'n v. Bisbee, 80 Wash. 358, 141 Pac. 886, on the question of the right to lieu exemptions, has the effect of allowing a debtor to retain as exempt, in general, money owing him in lieu of those animals specified as exempt (Rem. & Bal. Code, § 563, subd. 4), but not possessed or not desired to be retained by the debtor; for in 1907 section 703, above quoted, was amended by the addition of the following:

"* * * And provided further, that no money due or earned as wages or salary shall be exempt from garnishment in lieu of any other property."

For, while Creditors' Collection Association v. Bisbee, 80 Wash. 358, 141 Pac. 886, has been overruled in the matter of lieu exemptions, it has not been overruled in the holding therein made that section 703, containing the foregoing proviso, was in all respects constitutional. The bankrupt's exemption out of his wages will be limited to $40.