O. V. DEAN, *Appellant,* v. LOUIS A. OPDYCKE *et al.,*
*Respondents.*[1]

*George E. Clarke,* for appellant.

PARKER, J.—This appeal presents a claim of exemption of a garnisheed indebtedness.   The plaintiff, Dean, commenced this action in the superior court for King county, seeking recovery of an alleged balance of $247, due upon a promissory note executed and delivered to him by the defendant, Opdycke, evidencing a community debt of Opdycke and wife.   Dean caused a writ of garnishment to be issued in the action,

[1]Reported in 276 Pac. 545.

directed to the Transport Motor Company, requiring it to answer as to any indebtedness owing by it to Opdycke and wife. The motor company answered the writ, stating that it was then indebted to Opdycke and wife, specifying an amount less than two hundred and fifty dollars. Thereupon Opdycke and wife moved the court for an order releasing to them the garnisheed indebtedness, claiming it to be exempt to them in lieu of the specific exemptions enumerated in Rem. Comp. Stat., § 563, subd. 4. A hearing was had in the superior court upon this motion, where evidence was presented in the form of affidavits disclosing the facts, upon which the court disposed of the motion by deciding that Opdycke and wife were entitled to their claimed exemption. A final order was by the court entered accordingly. From this order, Dean has appealed to this court.

Opdycke states, in his affidavit, that he is a married man, the head of a family and a householder; that the indebtedness due to him from the motor company is community funds and is not for wages or salary; that neither he nor his said wife or family possess two cows or the other property, as set forth in Rem. Comp. Stat., § 563, subd. 4, and he therefore selects the funds due and owing to him from the Transport Motor Company, impounded by the garnishment proceedings herein, as exempt in lieu of the property as provided in that paragraph and section.

Frank H. Coyne, the manager of the motor company, in his affidavit, made evidently at the instance of counsel for Dean, states that he is familiar with the method and system of the payment of the employees of the motor company; that the defendant is a salesman in the employ of the motor company; that the defendant spends part of his time on the floor of the motor company as a display salesman, and the bal-

ance of his time in following up calls and leads in attempting to sell automobiles for the company; that the defendant is paid six per cent on all Whippets, and seven per cent on all Willys-Knights, such commissions being in payment of all personal services performed for and on behalf of the motor company; and that the funds impounded by the writ of garnishment were earned in the above described manner.

Opdycke states, in his additional affidavit, that he has read the affidavit of Frank H. Coyne and is familiar with the facts set forth therein; that he is employed to sell the automobiles upon the respective commissions as set forth in said affidavit, but that the said commissions can, have been, and are drawn at irregular times, at the option of the salesman; that no definite amount is paid at any time, it being entirely dependent upon the amounts earned as commissions from sales made; that there is a floor schedule giving each salesman the privilege of being on the sales floor in rotation to meet prospective customers; that said floor privilege is not compulsory and very infrequent; that no pay or compensation is received for acting as floor salesman; and that he receives no other compensation of any kind or nature. This is the substance of all the controlling facts presented to the trial court touching the question of the exemption claimed by Opdycke and wife, aside from the answer of the garnishee defendant stating its indebtedness owing Opdycke and wife.

▆ Referring to our general exemption statute, Remington's Compiled Statutes, we read:

"§ 563. The following property shall be exempt from execution and attachment, . . .

"4. To each householder, two cows, with their calves, five swine, two stands of bees, thirty-six domestic fowls, and provisions and fuel for the comfortable

maintenance of such householder and family for six months, also feed for such animals for six months: *Provided,* That in case such householder should not possess or shall not desire to retain the animals above named, he may select from his property and retain other property not to exceed two hundred and fifty dollars, coin, in value."

This statute has been in force in this state since territorial days, it being enacted in 1886. Prior to 1893, debts due to a defendant in an action against him for recovery of money were levied upon, that is, garnisheed, through ordinary attachment proceedings; but since then such credits have been levied upon by writ of garnishment issued by the clerk of the superior court independently of ordinary attachment proceedings. Laws of 1886, p. 42; Hill's Code (1891), § 300; Laws of 1893, p. 95; Rem. Comp. Stat., §§ 680-705.

Generally speaking, garnishment is but a form of attachment looking to the impounding of debts due a defendant in a civil action for the recovery of money, pending the rendering of final judgment therein, in effect the same as physical property capable of delivery is seized to that end by ordinary attachment. 2 Bouvier's Law Dictionary, 1334; Black's Law Dictionary, 535. This general character of garnishment proceedings, especially when viewed in the light of the history of our attachment and garnishment legislation, renders it plain, we think, that the word "attachment," as used in the first above quoted sentence of § 563, Rem. Comp. Stat., must now be held to mean the same as "garnishment."

By Laws of 1927, p. 703 (Rem. 1927 Sup., § 703), the legislature amended our garnishment law of 1893, Rem. Comp. Stat., § 703, to read as follows:

"Twenty dollars out of each week's wages or salary for personal services, rendered by any person having

a family dependent upon him for support, shall be exempt from garnishment, whether such wages or salary are paid, or to be paid, weekly, biweekly, monthly, or at other intervals, and whether there be due the defendant wages for one week or a longer period: *Provided,* That no money due or earned as wages or salary shall be exempt from garnishment in lieu of any other property." Rem. 1927 Sup., § 703.

It is contended in behalf of Dean, in substance, that Opdycke and wife are not entitled to the indebtedness owing to them by the motor company as exempt, because, as it is argued, that indebtedness is owing to them as "wages or salary," and hence cannot be successfully claimed by them in lieu of the specific exemptions they are entitled to under the provisions of the general exemption statute, above quoted. There may be, speaking generally, a sense in which that indebtedness is owing to Opdycke and wife from the motor company as "wages or salary"; but, considering the manner in which it was earned, we do not think it is a debt for wages or salary, within the meaning of those words, as used in the above quoted language of our garnishment statute. Opdycke's employment, in so far as we can determine from this record, did not subject him to any control of the motor company. His time, apparently, was wholly his own. His compensation was not measured by time; that is, it was not measured by the day, week, month, or other stated period; nor was payment or settlement made to or with Opdycke at or for any regular, stated period. The above quoted exemption of our garnishment statute first uses the words "each week's wages or salary"; next, it uses the words

". . . whether such wages or salary are paid or to be paid weekly, biweekly, monthly, or at other intervals, and whether there be due the defendant wages for one week or a longer period."

This, we think, clearly indicates a legislative intent that it is periodical wages or salary, measured by time service only, that cannot be claimed in a garnishment proceeding as exempt in lieu of other property. Our problem is not free from difficulty; but, having in view the rule of liberal construction of exemption statutes favorable to the debtor, adhered to by this court in the following and other decisions *(State ex rel. McKee v. McNeill,* 58 Wash. 47, 107 Pac. 1028, 137 Am. St. 1038; *Northwestern Mut. Life Ins. Co. v. Chehalis County Bank,* 65 Wash. 374, 118 Pac. 326; *Lemagie v. Acme Stamp Works,* 98 Wash. 34, 167 Pac. 60), we conclude that Opdycke and wife are entitled to this claimed exemption in lieu of specific exemptions specified in the above quoted provision of our general exemption statute, as ruled by the trial court.

The order of the trial court is affirmed.

MITCHELL, C. J., MAIN, BEALS, and MILLARD, JJ., concur.