## In re SOLLARS.
### No. 32122.

District Court, W. D. Washington, N. D.
Sept. 22, 1932.

See, also, 5 F. Supp. 485.

Revelle, Revelle & Kells, of Seattle, Wash., for claimant Hazel Gay.

H. A. P. Myers, of Seattle, Wash., for claimant W. C. Elliott.

Newman H. Clark, of Seattle, Wash., for trustee.

NETERER, District Judge.

These matters are before the court on petitions for review. The same issue of law is involved in each case. The facts with relation to the law are similar. The referee no doubt was inspired to his conclusion in the construction and application of the state law and Bankruptcy Act by expressions of this court in Re Seattle Cut Glass Co., 1 F.(2d) 409, 2 A. B. R. (N. S.) 352, which was predicated upon a different state of facts and relations. While in that case the claim was made and filed under provisions of the laws of the state, no testimony was offered nor was it shown what part of the claim was for work done, nor was segregation made in the proof, and the claim was for six months' salary immediately preceding "claim date," the claim, as made, was properly denied; but the court gave an erroneous reason, and out of harmony with the conclusion as to the instant state law and the Bankruptcy Act. Ignorance has been said to be a curse, and error worse than ignorance. The exposition of the one placing the other "on the record of time" should not be thereby permitted to "father truth." Right is beautiful and is compatible with universal wisdom, was uttered by a sage: "Conscience is the present opinion a man bears of his own actions," and "a still and quiet conscience brings peace above all earthly dignities." "The pleasure a man of honor enjoys in the consciousness of having performed his duty, is the reward he pays himself for all his pains."

In the Critzer case, the claimant performed services as bookkeeper-stenographer and clerk for the bankrupt from October 20, 1931, to January 19, 1932, inclusive, at the agreed wage in the sum of $296.65, which was unpaid. On the latter date a common-law assignment for the benefit of creditors was made, and on the following day the claim was filed with the assignee as a preferred claim, and was allowed as such by the assignee. The petition in bankruptcy was filed April 19, 1932. On May 18, following, claim-

ant filed a proof of debt herein, claiming priority for the amount of the claim under the state law. Upon the objection of the trustee, the claim was denied.

A similar relation is presented by the claim filed in the Sollars proceeding.

Section 1204, Rem. Comp. Stat. of Washington, provides: "In all assignments of property made by any person to trustees or assignees on account of the inability of the person at the time of the assignment to pay his debts, or in proceedings in insolvency * * * for services rendered within sixty days previously, are preferred claims, and must be paid by such trustees or assignees before any other creditor or creditors of the assignor."

Section 64b (7) of the Bankruptcy Act, 11 USCA § 104 (b) (7) provides for priorities of debts owing to any person by the laws of the state is entitled to priority.

The court recognizes that exemption laws of the state are liberally construed. In re Crooks (D. C.) 219 F. 979; Hills v. Joseph (C. C. A.) 229 F. 865. See, also, Creditors' Collection Ass'n v. Bisbee, 80 Wash. 358, 141 P. 886; Lemagie v. Acme Stamp Works, 98 Wash. 34, 167 P. 60.

It is apparent that, upon assignment for the benefit of creditors, the property of the assignee became, in effect, in custodia legis; and upon the filing of the claims by the employee and the allowance thereof by the assignee became a fixed obligation under the laws of the state and entitled by section 64b (7) to priority. Section 64b (7) is founded upon humane considerations upon the exigencies inherent to life to the toiler and predicated on justice, which the bankruptcy court must administer in harmony with the priority established by the state law as it would a like priority provision in the Bankruptcy Act.

While there is a creditable line of authority to the contrary (see In re Slomka [C. C. A.] 122 F. 630, and cases cited), the decision of the Circuit Court of Appeals of this circuit, In re Western Condensed Milk Co.

(Wilson v. Benham), 261 F. 62, in which certiorari was denied by the Supreme Court, 251 U. S. 560, 40 S. Ct. 219, 64 L. Ed. 414, is conclusive on this court. In that case, Judge Hunt, for the court, at page 65 of 261 F., said: "Our conclusion is that the just construction of the Bankruptcy Act is that Congress, by adding to section 64b, clause 5 [11 USCA § 104 (b) (5)], protected priorities recognized under the laws of the state, as well as those recognized under the laws of the United States."

In that case the then section 64b, clause 5, in the amendment of May 27, 1926, is section 64b, clause 7, 11 USCA § 104 (b) (7).

The Circuit Court of Appeals (4th Circuit) in Manly v. Hood, 37 F.(2d) 212, 214, says: "It is well settled that such a statute gives to wage claimants a priority which will be enforced by courts of bankruptcy under clause 7 above quoted. The priority which it gives is a lien, in the broad sense of that term, upon the assets of the insolvent estate; which is not dissolved by subsequent bankruptcy"—and cites In re Western Condensed Milk Co., supra.

Indorsement is likewise given to this holding by the Circuit Court of Appeals of the Eighth Circuit in Wheeler v. Johnson, 26 F. (2d) 455. At page 457 of 26 F.(2d), the court said: " * * * Priority was allowed to a debt owing to the state of Minnesota under a statute of the state which provided priority of payment in full of debts owing to the United States and to the state by insolvent debtors, although no lien was established by the statute"—citing In re Western Condensed Milk Co., supra.

It is apparent that, whatever the interpretation that has been given to In re Seattle Cut Glass Co., supra, so far as what was said applicable to the facts in this case, it was erroneous, and that case cannot be considered as authority upon a state of facts as instantly disclosed, and this applies to the Ackerman case, referred to on argument, in which no opinion was filed.

The referee's order is reversed.