**In re SOLLARS.**

**No. 32122.**

District Court, W. D. Washington, N. D.

Nov. 17, 1933.

H. A. P. Myers, of Seattle, Wash., for petitioner W. C. Elliott.

Newman H. Clark, of Seattle, Wash., for trustee.

NETERER, District Judge.

Elliott performed labor for the bankrupt from June 12 to August 12, 1931, at $150 per month, and no part is paid. August 8, 1931, bankrupt made a common-law assignment. The assignee proceeded to liquidate after possessing himself of the estate. Soon thereafter, and before bankruptcy, Elliott filed his claim with the assignee as a prior claim under the state statute, and it was allowed, and on November 6, 1931, the petition in bankruptcy was filed. On November 27, 1931, proof of claim was filed in the bankruptcy proceedings for $300 as a preferred claim. The claim was denied. On review denial was reversed in September, 1932 (5 F. Supp. 483), and thereafter the claim was allowed by the referee in the sum of $30 as a wage preferred claim, and $170 as a general claim; the $30 being wages earned from August 6 to August 12, 1931, within three months prior to the filing in bankruptcy, as priority under section 64b (5) of the Bankruptcy Act, 11 USCA § 104 (b) (5), and $100 earned more than three months prior to bankruptcy and within 60 days prior to the assignment for the benefit of creditors (sec-tion 1204, Rem. Comp. Stat. Wash.), and entitled to payment under section 64b (7) of the Bankruptcy Act, 11 USCA § 104 (b) (7).

The claimant, feeling aggrieved, seeks review. On October 17, 1933, this court held that since the order of September, 1932, had not been appealed from or modified, it became the law of the case, and affirmed the order of the referee without further opinion.

On October 27, 1933, a petition for rehearing was filed claiming that that claim was not considered under section 64b (7) by the court on the former hearing, and that law, as to this claim under that section, was not considered and could not be considered as the law of the case. Messenger v. Anderson, 225 U. S. 436, 32 S. Ct. 739, 56 L. Ed. 1152; King v. West Virginia, 216 U. S. 92, 30 S. Ct. 225, 54 L. Ed. 396.

The court in its decision of September 22, 1932 (5 F. Supp. 483) said:

"Section 64b (7), 11 USCA § 104 (b) (7) provides for priorities of 'debts owing to any person who by the laws of the states or of the United States is entitled to priority.'

"The court recognizes that exemption laws of the state are liberally construed. In re Crook [D. C.] 219 F. 979; Hills v. Joseph [C. C. A.] 229 F. 865. See, also, Creditors' Collection Ass'n v. Bisbee, 80 Wash. 358 [141 P. 886]; Lemagie v. Acme Stamp Works, 98 Wash. 34 [167 P. 60].

"It is apparent that upon assignment for the benefit of creditors the property of the assignee became, in effect, in custodia legis; and upon the filing of the claims by the employee and the allowance thereof by the assignee, became a fixed obligation under the laws of the state and entitled by section 64b (7) to priority. Section 64b (7) is founded upon humane considerations upon the exigencies inherent to life to the toiler and predicated on justice, which the bankruptcy court must administer in harmony with the priority established by the state law as would a like priority provision in the Bankruptcy Act."

It is contended that in the consideration of this section the court did not consider the applicability of the status of the claims claimed under the Bankruptcy Act, § 64b (7), 11 USCA § 104 (b) (7), but considered the question of the limitation at the date the property came into custodia legis (common-law assignment) instead of the time of the filing of the petition in bankruptcy, and that error was committed, and the court should

on this petition for review distinguish the state law and the bankruptcy law and distinguish the rights of parties with relation to each.

It is strongly urged that "the law of the case" is a phrase which expresses the practice of courts, which generally refuse to reopen what has been decided, but is not a limit of power. While there is nothing in the Constitution of the United States to require it or to prevent a court from reconsidering a claim and modify its ruling while a case remains in court (San Francisco v. Itsell, 133 U. S. 65, 10 S. Ct. 241, 33 L. Ed. 570), there is, however, this difficulty which cannot be overcome, and which leaves no discretion with the court, that the order not only became the law of the case, but that this court is without jurisdiction to grant any other relief. The order entered was a final order with relation to that particular claim. It adjudicated the right between the claimant and the trustee in bankruptcy. It was an order from which an appeal could be prosecuted. The court's power ceased on the day before the first Tuesday of November, 1932, the close of the term of court in which the order was entered, and nothing further was done in the matter until near the close of the next term of court, which ended the day before the first Tuesday of November, 1933. The terms of court begin on the first Tuesday of May and of November. 28 USCA § 193.

The Supreme Court in Bronson v. Schulten, 104 U. S. 410, 414, 26 L. Ed. 797, says: "We are of opinion that, if there was any mistake in the report of the referee and in the judgment rendered thereon, it was so clearly due to the negligence and inattention of plaintiffs or their attorney, that no case is made for relief in any of the modes known to the law, of correcting an erroneous judgment after the term at which it was rendered."

And, again, in Phillips v. Negley, 117 U. S. 665, 673, 6 S. Ct. 901, 904, 29 L. Ed. 1013, the court said: " * * * After the term has ended all final judgments and decrees of the court pass beyond its control, unless steps be taken during that term, by motion or otherwise, to set aside, modify, or correct them. * * * "

Again, on page 673 of 117 U. S., 6 S. Ct. 901, 904, 29 L. Ed. 1013: "So strongly has this principle been upheld by this court that, while realizing that there is no court which can review its decisions, it has invariably refused all applications for rehearing made

after the adjournment of the court for the term at which the judgment was rendered."

In United States v. Benz, 282 U. S. 304, at page 306, 307, 51 S. Ct. 113, 114, 75 L. Ed. 354, the Supreme Court said: "The general rule is that judgments, decrees and *orders* are within the control of the court during the term at which they were made. They are then deemed to be 'in the breast of the court' making them, and subject to be amended, modified, or vacated by that court. Goddard v. Ordway, 101 U. S. 745, 752, 25 L. Ed. 1040. The rule is not confined to civil cases, but applies in criminal cases as well, provided the punishment be not augmented. * * * *" (Italics supplied.)

See, also, Tiberg v. Warren (C. C. A.) 192 F. 458, at page 463 (9th Circuit).

It is obvious that the court is without jurisdiction to review the proceeding, even though the conclusion of the court at that time is erroneous. Petition for rehearing should have been made during the term when the court had power to correct any error, or appeal should have been prosecuted to the appellate court.

The order heretofore entered, that the order of September, 1932, became the law of the case, must be affirmed.