[No. 26426. Department Two. March 9, 1937.]

PACIFIC COAST ADJUSTMENT COMPANY, *Respondent*, v. LOUIS REESE *et al., Appellants*.[1]

¹Reported in 65 P. (2d) 1057.

348

*F. L. Morgan* and *C. W. Hodgdon,* for appellants.

*John C. Graham* and *T. H. McKay,* for respondent.

ROBINSON, J.—Section 703, Rem. Rev. Stat. [P. C. § 8022], exempts from garnishment twenty dollars out of each week's wages or salary due any person having a family dependent upon him for support, and contains a proviso "that no money due or earned as wages or salary shall be exempt from garnishment in lieu of any other property." Whether or not this proviso is constitutional, is the sole question presented by this appeal.

Subdivision 4 of § 563, Rem. Rev. Stat. [P. C. § 7851], exempts from execution "to each householder" certain designated domestic animals and other property and provides that, in case the householder does not possess the animals therein named, he may select for exemption in lieu thereof other property not to exceed two hundred and fifty dollars in value.

In *Creditors Collection Ass'n v. Bisbee,* 80 Wash. 358, 141 Pac. 886, it was held that property selected in lieu of the animals listed in subd. 4 of § 563 must be of a like nature. This holding was reversed in *Lemagie v. Acme Stamp Works,* 98 Wash. 34, 167 Pac. 60, which announced the existing rule that the householder may select money in lieu of the designated animals, or credits, or debts due, or any other kind of property whatsoever. Subsequently, it was held in *Dean v. Opdycke,* 151 Wash. 504, 276 Pac. 545, that the exemptions granted by § 563 may be claimed in garnishment proceedings. It follows, therefore, that, but for the existence of the proviso

in § 703, a head of a family, whose wages are garnisheed, could claim as exempt both the twenty dollars per week provided in the body of that section and two hundred and fifty dollars under subd. 4 of § 563.

The proviso has been included in our garnishment exemption statutes at all times since 1907. It survived an attack made on constitutional grounds more than twenty years ago in *Creditors Collection Ass'n v. Bisbee, supra.* In concluding his opinion in *In re French,* 250 Fed. 644, Judge Cushman said:

"For, while *Creditors' Collection Association v. Bisbee,* 80 Wash. 358, 141 Pac. 886, has been overruled in the matter of lieu exemptions, it has not been overruled in the holding therein made that section 703, containing the foregoing proviso, was in all respects constitutional."

It appears, however, that, in the *Bisbee* case, the argument attacking the constitutionality of the proviso was principally grounded upon Art. II, §§ 19, 37 and 38, of the state constitution. In this case, the appellants invoke Art. XIX, § 1, and Art. I, § 12, of the state constitution, and the fourteenth amendment of the constitution of the United States.

Section 1 of Art. XIX of the state constitution reads as follows:

"The legislature shall protect by law from forced sale a certain portion of the homestead and other property of all heads of families."

In *Verino v. Hickey,* 135 Wash. 71, 237 Pac. 5, cited by appellants, a statute providing that no property should be exempt from execution issued on judgments for the recovery of clerk's, laborer's or mechanic's wages, was held to violate this section, and necessarily so, since it left the judgment debtor in such cases without any exemption whatsoever. That is not the

case here. The proviso takes from the wage earner nothing more than the right to claim an exemption out of wages in lieu of the exemption of the animals named in subd. 4 of § 563. He can still claim a lieu exemption out of any property other than wages under that section, and has a twenty dollar per week exemption out of wages under § 703. The proviso in no way violates § 1 of Art. XIX of the state constitution.

Appellants contend that the special privileges and immunities provision of Art. I, § 12, of the state constitution and the equal protection clause of the fourteenth amendment of the Federal constitution are violated by the proviso. It is apparent that the proviso applies alike to all wage earners. If appellants' contention is to be sustained, it must be found that the proviso creates distinctions between wage earners and other classes which are clearly arbitrary, unreasonable, inequitable and unjust.

In considering whether or not a legislative act is violative of the constitutional provisions invoked by the appellants, it must be remembered that a lawful classification may rest on narrow distinctions. *Northern Cedar Co. v. French*, 131 Wash. 394, 230 Pac. 837; *Garretson Co. v. Robinson*, 178 Wash. 601, 35 P. (2d) 504; *German Alliance Ins. Co. v. Kansas*, 233 U. S. 389, 34 S. Ct. 612, 58 L. Ed. 1011, L. R. A. 1915C, 1189.

When the effect of § 703 is considered, it at once appears that, if the wage earner has property other than wages of a value of two hundred and fifty dollars or more, it gives him an advantage over all other classes of debtors, in spite of the proviso, for he can claim all exemptions that other classes of debtors can claim under subd. 4, § 563, and, in addition, an exemption of twenty dollars per week out of

his wages pursuant to § 703. It is only when he has no property, or very little property, other than wages due, that the proviso works to his apparent disadvantage.

Appellants argue that the vast majority of wage earners have no property other than wages and, therefore, the proviso is unjustly discriminatory as to the vast majority of the wage earning class. If it be true, as appellants earnestly insist, that the vast majority of wage earners have no property other than wages, that may be the very reason why the legislature inserted the proviso in § 703, for without it the wage earner could claim a wage exemption of as much as three hundred and thirty dollars in any one month; that is, eighty dollars under § 703 and two hundred and fifty dollars under subd. 4, § 563. The legislature may have felt that a wage earner, with no tangible property and with the right to claim an exemption of three hundred and thirty dollars out of one month's wages, would find it difficult, or even impossible, to secure credit.

The establishment and maintenance of exemptions is expressly enjoined upon the legislature by § 1, Art. XIX of the state constitution. In commenting on this section in *Holden v. Stratton*, 198 U. S. 202, 25 S. Ct. 656, 49 L. ed. 1018, the supreme court of the United States pointed out that our legislature has the general power "to determine the amount and character of property which should be exempt." This is preeminently a field where classification is not only permissible but necessary. Our general exemption statute, which has come down to us from territorial days, and has stood unamended through all the years of statehood, is one long list of classifications. To the farmer is given this exemption, to the mechanic

that, to the physician another, and to the attorney something else.

The proviso complained of has been enforced and applied in our courts for almost thirty years. While this is not conclusive as to its constitutionality, it strongly rebuts the contention that it is manifestly discriminatory in effect and denies the equal protection of the laws. The fact that sound and logical reasons may be advanced in support of the contention that the wage earner is better off with the proviso in § 703 than he would be if it were not included, shows conclusively that reasonable grounds for classification existed and that the action of the legislature in this matter was not arbitrary and capricious.

The trial court correctly held that the appellants could not lawfully claim an exemption of wages in lieu of other property, and the order appealed from is accordingly affirmed.

STEINERT, C. J., TOLMAN, HOLCOMB, and BLAKE, JJ., concur.